THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JACQUE CARR,<br><br>      Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEP'T et al.,<br><br>      Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:22-cv-00384-DBB<br><br>District Judge David Barlow |

  Plaintiff, Jacque Carr, a former Salt Lake County inmate, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2023), proceeding *in forma pauperis*, 28 *id.* § 1915. (ECF Nos. 5, 6.) The Court deemed Plaintiff's Complaint deficient and required the deficiencies to be cured in an amended complaint. (ECF Nos. 6, 22.)

  Plaintiff responded by filing an Amended Complaint, (ECF No. 23), which is now before the Court for screening, under 28 U.S.C.S. § 1915A (2023), which reads in pertinent part:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

  The Complaint names the following Salt Lake City defendants: Mike **Brown**, police chief; Erin **Mendenhall**, mayor; Oaken **Ewens**, "central patrol"; Dillon **Head**, "field supplement"; Michael **McKenna**, detective; and Cody **Nixon**, crime lab. (ECF No. 23.) Plaintiff alleges that (a) Defendants Brown and Mendenhall allowed "improper performance" of their

police-department employees, leading to Plaintiff's false arrest and imprisonment; and (b) due to gross negligence, bias, or an intentional or reckless state of mind, Defendants Ewens, Head, McKenna, and Nixon did not go to investigate the crime scene, "pull video from UTA bus" boarded by the victim, and look "at all the different statements made from [the] allege[d] victim," all of which led to Plaintiff's false arrest and imprisonment. (*Id.*) Plaintiff alleges false arrests took place on June 23, 2021, July 18, 2021, and December 18, 2021, with the June 23, 2021 charge being dismissed. (*Id.*) Plaintiff does not allege any of these defendants actually arrested him. The requested relief is damages and "release from confinement and incarceration." (*Id.*)

## DISMISSAL ANALYSIS

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the

burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right (2) by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

### I. Supervisory Liability

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone insufficient to support liability under § 1983).

Based on this standard, Plaintiff has done nothing to affirmatively link Defendants Brown and Mendenhall to violating Plaintiff's constitutional rights, but has instead identified these defendants only as supervisors. The Amended Complaint does not state an actionable claim against Defendants Brown and Mendenhall.

## II. Habeas Relief

Plaintiff requests to be "release[d] from confinement and incarceration." (ECF No. 23.) The Court notes that, just weeks ago, Plaintiff filed a change-of-address notice that possibly indicates Plaintiff is now living in a private residence, though this is not clear. (ECF No. 25.)

Even so, the statute Plaintiff invokes, § 1983, does not allow a habeas-corpus remedy. *See Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (unpublished). Early release from incarceration may be attained in court by a writ of habeas corpus only, not by a civil-rights case. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because the Amended Complaint makes no claim to support habeas relief, this Court lacks authority to grant Plaintiff's discharge from custody, if Plaintiff is still in custody. *See Crabtree*, 564 F. App'x at 404. The Amended Complaint also may not be construed as a habeas petition; although courts must liberally construe *pro se* pleadings like Plaintiff's, that duty typically does not compel characterization of civil-rights claims as habeas claims. *See id.* Indeed, courts have limited power to reframe civil-rights claims in that way. *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). Notably, Plaintiff does not ask that the Amended Complaint be read as raising something aside from civil-rights claims. *See Crabtree*, 564 F. App'x at 404.

Plaintiff's request for release from custody is not supported by the Amended Complaint.

## III. Negligence

The Fourteenth Amendment's Due Process Clause is not triggered by an officer's negligence in performing a duty. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Though Plaintiff does not state any federal constitutional basis for negligence claims, under the

Fourteenth Amendment and § 1983, Plaintiff's allegations of negligence fail to state a claim upon which relief can be granted. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (stating § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred"); *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004) (noting § 1983 does not allow plaintiffs to create federal case out of "every violation of state common law").

### IV. False Arrest and Imprisonment[1]

Plaintiff's claims for false arrest and false imprisonment are analyzed here under 42 U.S.C. § 1983 (2023), which--again--is the "remedial vehicle for raising ... [a] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). One who "has been imprisoned without legal process . . . has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

---

[1] Though Plaintiff refers to false arrest and wrongful imprisonment separately, the Supreme Court has explained that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Thus, the Court "refer[s] to the two torts together as false imprisonment." *Id.* at 389. *Cly v. Farmington Police Dep't*, No. 1:21-CV-202, 2022 U.S. Dist. LEXIS 81845 (D.N.M. May 5, 2022). In other words,

A false arrest is generally defined as the unlawful taking of a person into custody by one having actual or pretended legal authority for the actual or presumed purpose of subjecting the other to criminal or civil process. A false imprisonment is generally defined as the unlawful restraint or confinement of one person by another. For the purposes of police civil liability, the tort of false arrest is virtually identical to the tort of false imprisonment, because the act of arrest, by definition, provides the "confinement" necessary to constitute an "imprisonment."

Isidor Silver, 1 *Police Civil Liability* § 4.01 (Matthew Bender 2023).

Further, false arrest or imprisonment involve detention not preceded by the institution of legal process. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Plaintiff has failed to affirmatively link or connect any remaining named defendants--Ewens, Head, McKenna, and Nixon--to the arrest. Plaintiff asserts that each of them shirked investigative duties of reviewing the crime scene and evidence, which allegedly led to Plaintiff's false arrest and imprisonment, not that any one of them actually arrested Plaintiff.

The situation in *Tooley v. Young*, 560 F. App'x 797, 798 (10th Cir. 2014) (unpublished), gives an idea of what level of defendant involvement must be alleged to state a claim in such cases. The plaintiff in *Tooley* asserted that Defendant Young participated in that plaintiff's false arrest. *Id.* at 800. Young had shown up to the arrest scene "[p]robably five or ten minutes" after two other officers secured the plaintiff's handcuffs; removed the plaintiff's handcuffs; asked for the plaintiff's identification; then reapplied the handcuffs. *Id.* at 798. Despite Young's activities, the Tenth Circuit concluded that "Young had nothing to do with . . . [the plaintiff's] arrest" and the arrest was completed by the first two officers, "not Young." *Id.* at 800. After all, the court stated, "Those officers restrained [the plaintiff's] freedom of movement by handcuffing him and placing him in the back of [the] patrol car," meeting the definition of "arrest." *Id.* Meanwhile, the court determined that Young's involvement in the plaintiff's arrest could not support a false-arrest claim because it was not the kind of "personal participation" that was "essential" to the "specific constitutional violation." *Id.*

Meanwhile, in *Cronick v. City of Colorado Springs*, No. 20-CV-457, 2021 U.S. Dist. LEXIS 265449 (D. Colo. Feb. 19, 2021), the district court determined that because the plaintiff's only allegations were that "'Defendant Pryor arrived on the scene with Officer Lambert, a rookie officer in training,'" such "allegation[s] fail[ed] to show the requisite amount of personal involvement by Defendant Lambert to state a claim under § 1983." *Id.* at *11 (quoting plaintiff's

6

complaint). Also in *Cronick*, because the plaintiff alleged that "Defendant Inazu responded to the scene after the incident to conduct an investigation of what transpired" and "'was not present for the takedown of Ms. Cronick,'" the court concluded that "Plaintiff has failed to show personal participation by Defendant Inazu in the alleged . . . false arrest." *Id.* (quoting plaintiff's complaint).

*Tooley* and *Cronick* are instructive because the defendants here are alleged to have done even much less than the *Tooley* and *Cronick* defendants--i.e., Plaintiff has not alleged Defendants Ewens, Head, McKenna, or Nixon were present for Plaintiff's arrest, much less that they effected Plaintiff's arrest. Plaintiff thus fails to allege the kind of personal participation by Defendants that would validly state a cause of action against them.

The Amended Complaint also fails to allege facts supporting the false-arrest cause of action. For instance, "[t]o prevail on a false-arrest claim, [Plaintiff] must establish a lack of probable cause supporting the charged crime." *Goad v. Town of Meeker*, 654 F. App'x 916, 923 (10th Cir. 2016) (unpublished). "Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Maher*, 919 F.2d 1482, 1485 (10th Cir. 1990) (citing *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)); *see also Jones v. City & County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988).

But Plaintiff has not even mentioned probable cause, let alone alleged that there was not probable cause to support Plaintiff's arrest. Just because a court dismissed a charge against Plaintiff--if what Plaintiff alleges is true--does not mean there was not probable cause for

7

Plaintiff's arrest. Indeed, a suspect need not be guilty of the crime for which the suspect was arrested for an officer to have had probable cause to arrest the suspect. *Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979); *see also Henry v. United States*, 361 U.S. 98, 102 (stating "evidence required to establish guilt is not necessary" for probable cause to arrest); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (noting probable cause to arrest is less than that which is required to justify conviction).

Plaintiff's claim of false arrest is insufficient to state a cause of action.

### IV. Pendent Jurisdiction

A couple of Plaintiff's claims could also be read as state-law tort claims--e.g., false arrest and negligence. However, as none of Plaintiff's federal-constitutional claims are valid, the Court does not intent to exercise supplemental jurisdiction over any of Plaintiff's possible state-law claims.

### ORDER

Based on the above grounds, **IT IS ORDERED** that within thirty days Plaintiff must **SHOW CAUSE** why Plaintiff's Amended Complaint, (ECF No. 23), should not be dismissed with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2023), for failure to state a claim upon which relief may be granted. Two iterations of the complaint, (ECF Nos. 6, 23), and one full round of comprehensive guidance on curing deficiencies, (ECF No. 22), have not resulted in any

improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend portend a different result.

DATED this 3rd day of August, 2023.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge